DAVID E. PRIEBE and JUDITH A. PRIEBE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Priebe v. Commissioner
Docket No. 9399-82.
United States Tax Court
T.C. Memo 1986-162; 1986 Tax Ct. Memo LEXIS 451; 51 T.C.M. (CCH) 907; T.C.M. (RIA) 86162; April 21, 1986. David E. Priebe, pro se. Edward G. Langer, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: By notice of deficiency dated February 16, 1982, respondent determined a deficiency of $991 in petitioners' 1979 Federal income tax. The issue for decision is whether petitioner David E. Priebe, an American citizen, is liable for United States self-employment taxes on income earned while employed in Canada. The facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorporated herein by this reference. Petitioners David E. Priebe and Judith *453 A. Priebe, husband and wife, resided in Juneau, Wisconsin, at the time they filed the petition in this case. Petitioners filed a joint U.S. tax return for the year 1979. Petitioner Judith A. Priebe is a party herein solely by virtue of having filed a joint return with her husband David E. Priebe (hereinafter "petitioner") for the year 1979. Petitioner was ordained a minister in 1974 by the Wisconsin Evangelical Lutheran Synod. From 1974 through 1980, petitioner was a United States citizen, but he resided in Canada and was considered a landed immigrant of Canada. In 1979, petitioner was employed by the Abiding Word Evangelical Lutheran Church of Orleans, Ontario, Canada. He was paid $9,048 (Canadian) by the Church, an amount equivalent to $7,690 (United States). He was also provided with a residence with an annual rental value of $5,400 (Canadian), equivalent to $4,590 (United States). Under Canadian law, petitioner was considered an employee of the Abiding Word Evangelical Lutheran Church. He was covered by the Canadian government's pension plan and made contributions to it in 1979. Petitioner earned no income in the United States during 1979, nor did he file an application *454 for exemption from United States self-employment tax for that year. In his notice of deficiency, respondent determined that petitioner was liable for payment of self-employment taxes in the amount of $991 for taxable year 1979 under section 1401. [1] Petitioner contends, however, that he is relieved from the payment of such taxes by the Convention between the United States of America and Canada with respect to Taxes on Income and Capital,    U.S.T.   , T.I.A.S. No.     (1 CCH Tax Treaties, P1301 (1984)) (hereinafter "treaty"). Respondent's determination is presumptively correct and the taxpayer bears the burden of proof with respect to the liability in issue. Rule 142(a). Under section 1401 a self-employment tax is imposed on the self-employment income of *455 every individual. Income earned by a duly ordained, commissioned or licensed minister in the exercise of his ministry is considered self-employment income for purposes of section 1401. Sec. 1402(c)(4). While section 911 provides that income earned by an individual from sources within a foreign country is excluded from gross income if the taxpayer so elects, the tax imposed by section 1401, with respect to the net earnings derived from self-employment, is computed without regard to section 911. Sec. 1402(a)(8). Thus, income earned by a minister who is a resident of Canada and a citizen of the United States is subject to self-employment tax under section 1401. [2] Under section 1402(e), a minister is exempt from taxes on self-employment upon the filing of an application for exemption. Petitioner filed no such application. Petitioner maintains, however, that his income for the year in issue is not subject to self-employment taxes under Article XXIX, paragraph 4 of the treaty and section 1401(c). [3]Article XXIX, paragraph *456 4 of the treaty provides: With respect to taxable years not barred by the statute of limitations ending on or before December 31 of the year before the year in which the Social Security Agreement between Canada and the United States (signed in Ottawa on March 11, 1981) enters into force, income from personal services not subject to tax by the United States under this Convention or the 1942 Convention shall not be considered wages or net earnings from self-employment for purposes of social security taxes imposed under the Internal Revenue Code. Section 1401(c) provides that in any period in which there is in effect an agreement between the United States and any foreign country with respect to social security, the self-employment income of an individual will be exempted from the self-employment taxes imposed by that section to the extent that such income is subject to taxes or contributions for similar purposes under the social security system of the foreign country. *457 Article XXIX, paragraph 2 of the treaty (the savings clause) provides as follows: Except as provided in paragraph 3, nothing in the Convention shall be construed as preventing a Contracting State from taxing its residents (as determined under Article IV (Residence)) and, in the case of the United States its citizens (including a former citizen whose loss of citizenship had as one of its principal purposes the avoidance of tax, but only for a period of ten years following such loss) and companies electing to be treated as domestic corporations, as if there were no convention between the United States and Canada with respect to taxes on income and on capital. [4]
Specific exceptions to the savings clause are provided in paragraph 3 of Article XXIX. Paragraph 3 does not provide an exception for the retroactive forgiveness of self-employment taxes as described in paragraph 4. Respondent's position, therefore, is that notwithstanding paragraph 4 of Article XXIX, the savings clause permits taxation of the United States citizens as if there were no convention between the United States and Canada. *458 Where a treaty provision is not included among the provisions which take precedence over the savings clause, the provisions of the Internal Revenue Code, rather than the treaty provision are applicable to United States citizens. Filler v. Commissioner,74 T.C. 406, 410-411 (1980). Therefore, because paragraph 4 of Article XXIX is not among the provisions enumerated in paragraph 3 of the same Article which take precedence over the savings clause, under section 1401 petitioner is subject to self-employment tax on income earned while a resident of Canada. A Totalization Agreement between the United States and Canada with respect to social security taxes came into effect prospectively on August 1, 1984. The Totalization Agreement provides, in pertinent part: (1) Except as otherwise provided in this Article, *459 an employed person who works in the territory of one of the Contracting States, shall, in respect of that work, be subject to the laws of only that Contracting State. * * * (7) Where, but for this Article, a person would be covered under the laws of both Contracting States in respect of an activity that is considered to be self-employment by one of the Contracting States and employment by the other Contracting State, that activity shall be treated according to the provisions of this Article respecting self-employment if the person is a resident of the first Contracting State and according to the provisions of this Article respecting employment in any other case. Article V, paragraphs (1) and (7), Social Security Agreement between the United States and Canada, House Doc. No. 98-165, 98th Cong., 2d Sess., January 26, 1984. Thus, after August 1, 1984, ministers who are United States citizens and Canadian residents will be considered employees under Canadian law rather than self-employed individuals under the Internal Revenue Code, and will not be liable for self-employment taxes. Petitioner's *460 position is that Article XXIX, paragraph 4 of the treaty, when read with the Totalization Agreement, demonstrate an intent to eliminate social security taxation, both retroactively and prospectively, with respect to United States citizens who are Canadian residents. "While courts interpret treaties for themselves, the meaning given them by the departments of government particularly charged with their negotiation and enforcement is given great weight." Kolovrat v. Oregon,366 U.S. 187, 194 (1961) (footnote omitted). The explanation of the proposed treaty prepared by the Joint Committee on Taxation indicates that the purpose of paragraph 4 of Article XXIX was to permit Canadian individuals, who were United States residents, to claim refunds for social security taxes paid to the United States for years in which the statute of limitations had not expired. While we are not unsympathetic to petitioner's request for relief from the requirement of paying self-employment taxes to two different governments, we are unable to provide such relief. While the Totalization Agreement was *461 designed to prevent such a result, its operation is prospective from August 1, 1984. Therefore, we sustain respondent's determination that petitioner is liable for self-employment tax under section 1401(a). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue, and all Rule references are to the Tex Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Briant v. Commissioner,T.C. Memo. 1982-397↩.
3. Section 1401(c) was redesignated section 1401(d)↩ for taxable years beginning after December 31, 1983.
4. The effect of this clause is to reserve the right of the United States to tax its citizens and residents on the basis of the provisions of the Internal Revenue Code without regard to the provisions of the treaty.↩